IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW MARSHLO KAHOOPII, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF HAWAII, ET AL., <br><br> Defendants. | CIV. NO. 25-00019 JMS-KJM <br><br> ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED WITHOUT PREJUDICE |

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

**I. INTRODUCTION**

On January 14, 2025, pro se Plaintiffs Matthew Marshlo Kahoopii, Shanwakee Lee Thomas, and Marlo Kalani Duarte ("Plaintiffs") filed what they styled "Special Appearance: REJECTION TO COMPLAINANTS OFFER TO CONTRACT; LACK OF JURISDICTION" against Defendants State of Hawaii, Joshua Booth Green, Anne Lopez, and Unknown Heirs (together, "Defendants"). ECF No. 1 (hereafter, the "Complaint"). Plaintiffs paid the filing fee. ECF No. 2. But upon review of the Complaint, the allegations appear to be wholly frivolous and without merit. For the reasons stated below, the court orders Plaintiffs to show cause why the Complaint should not be dismissed without prejudice.

## II. DISCUSSION

A federal court must screen an in forma pauperis civil action to determine whether it is "frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). And even if a Plaintiff has paid the full filing fee, a court may dismiss a complaint sua sponte provided the court "give[s] notice of its intention to dismiss and afford[s] plaintiffs an opportunity to at least submit a written memorandum in opposition. . . ." *Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017) (citations and internal quotation marks omitted); *see also Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) ("[T]he district court must give notice of its sua sponte intention to dismiss . . . ."); *Belanus v. Clark*, 796 F.3d 1021, 1029 (9th Cir. 2015) ("A frivolous action clogs the system and drains resources regardless of whether the plaintiff pays the filing fee or proceeds in forma pauperis.").

The court gives Plaintiffs notice of its intention to dismiss the Complaint without prejudice unless Plaintiffs can show cause why the court should not do so. After a review of the Complaint, the court is unable to discern a basis for relief. That is, the Complaint violates Federal Rule of Civil Procedure 8 and fails to state a claim. *See* Fed. R. Civ. P. 8(a) (providing that a pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief" and a "short and plain statement of the grounds for the court's jurisdiction); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009) (explaining that, in considering whether a complaint fails to state a claim, the court must set conclusory factual allegations aside, accept non-conclusory factual allegations as true, and determine whether these allegations state a plausible claim for relief) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

      A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation and quotation marks omitted). Further, a complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed for failure to satisfy Rule 8. *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.3d 426, 431 (9th Cir. 1969)).

      Here, even liberally construing it, *see Erickson v. Pardus*, 551 U.S.

3

89, 94 (2007), the Complaint both "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B), and fails to comply with Rule 8.  The Complaint—with exhibits, a total of 596 pages—is incoherent and rambling.  It is not clear: (1) what harm Plaintiffs allege; (2) what Defendants did that could give rise to any cause of action; (3) what claims Plaintiffs are alleging; or (4) what relief Plaintiffs seek.  Instead, the Complaint is replete with random statements, with no apparent nexus between them.  For example, the Complaint alleges that Plaintiffs' United States passports are being withheld "without just cause," ECF No. 1-5 at PageID.156, 167, and that they seek "a written legal opinion in the validity of the warranty deed" for ten real properties located on Oahu and Hawaii Island.  *Id*. at PageID.178.  And given these deficiencies, it is impossible for Defendants to answer or defend against the Complaint.  *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### III.  CONCLUSION

Accordingly, the court gives notice to Plaintiffs of its intent to DISMISS the complaint without prejudice.  By February 18, 2025, Plaintiffs must SHOW CAUSE in writing why the court should not dismiss the Complaint or explain how they could amend the complaint to state a claim.  Any response is

limited to ten pages.  If Plaintiffs fail to respond by February 18, 2025, the court will dismiss the Complaint without prejudice and instruct the Clerk to close the case.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, January 17, 2025.



       /s/ J. Michael Seabright
      J. Michael Seabright
      Chief United States District Judge