IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW MARSHLO KAHOOPII, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF HAWAII, JOSHUA BOOTH GREEN, ANNE LOPEZ, AND "UNKNOWN HEIRS," <br><br> Defendants. | CIV. NO. 25-00019 JMS-KJM <br><br> ORDER DISMISSING ACTION WITHOUT PREJUDICE |

## ORDER DISMISSING ACTION WITHOUT PREJUDICE

### I. BACKGROUND

On January 17, 2025, this court issued an Order to Show Cause Why Complaint Should Not Be Dismissed Without Prejudice ("OSC"). *See* ECF No. 5. The Complaint was filed by pro se Plaintiffs Matthew Marshlo Kahoopii, Shanwakee Lee Thomas, and Marlo Kalani Duarte ("Plaintiffs") against Defendants the State of Hawaii, Joshua Booth Green (Hawaii's Governor); Anne Lopez (Hawaii's Attorney General); and "Unknown Heirs." The OSC determined

that the Complaint appeared to be frivolous and without merit. *Id.* at PageID.605.[1]

Accordingly, the court gave Plaintiffs notice that it intended to dismiss the Complaint without prejudice. *Id.* But the court allowed Plaintiffs to show cause why the Complaint should not be dismissed without prejudice and explain, by February 18, 2025, how they could amend the Complaint to state a claim. *Id.* at PageID.605–606.

On February 14, 2025, Plaintiffs filed documents with a title "amended complaint" that simply attaches pages from an untitled treatise that discusses federal question jurisdiction but fails in any way to address the concerns

---

[1] As detailed in the OSC:

> The Complaint—with exhibits, a total of 596 pages—is incoherent and rambling.  It is not clear: (1) what harm Plaintiffs allege; (2) what Defendants did that could give rise to any cause of action; (3) what claims Plaintiffs are alleging; or (4) what relief Plaintiffs seek.  Instead, the Complaint is replete with random statements, with no apparent nexus between them.  For example, the Complaint alleges that Plaintiffs' United States passports are being withheld "without just cause," ECF No. 1-5 at PageID.156, 167, and that they seek "a written legal opinion in the validity of the warranty deed" for ten real properties located on Oahu and Hawaii Island. *Id*. at PageID.178.  And given these deficiencies, it is impossible for Defendants to answer or defend against the Complaint.  *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

ECF No. 5 at PageID.605.

raised in the OSC.  *See* ECF No. 8.[2]  Nevertheless, on February 18, 2025, Plaintiffs also filed a letter addressed to the court that attempts to explain the basis for how they could amend the Complaint to seek relief in federal court.  *See* ECF No. 9.

> In part, Plaintiffs' letter states:
>
> This case has significant legal and historical implications that directly relate to jurisdiction, treaty obligations, constitutional law, and Indigenous rights.  The claims brought against the estate not only violate due process but also contravene both U.S. and international law regarding protected Hawaiian Crown Lands.

*Id.* at PageID.646.  Plaintiffs take issue with probate and foreclosure proceedings that are completed or pending in Hawaii State court, apparently regarding property formerly "located on Crown Land in North Kohala, Hawaii." *Id.*  They acknowledge that, in a separate federal case—*Kahoopii v. Kawakami*, Civ. No. 24-00477 HG-KJM (D. Haw. Nov. 6, 2024)—they (or at least Plaintiff Matthew Kahoopii) filed a Notice of Removal of then-pending state court foreclosure-related probate proceedings "asserting jurisdictional challenges based on treaty protections and violations of constitutional law." *Id.* at PageID.647.[3]

---

[2] The filing begins with a confusing statement regarding "The Failure To Issue Passport For The Plaintiff Has In Turn·Forced The Said Plaintiff To Be Imprisoned Within The State." ECF No. 8 at PageID.626.  Although it was originally docketed by the Clerk as an "Amended Complaint," it may have been intended to supplement the original complaint or respond to the OSC.  The court does not consider it to be an actual amended complaint.

[3] The court takes judicial notice of public filings in Civ. No. 24-00477 HG-KJM and in related state court proceedings.  *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988,

(continued . . . )

In Plaintiffs' February 18, 2025 letter, they claim that:

The foreclosure and probate actions in this [State] case are unlawful because they:

1. Violate the U.S. Constitution – The Supremacy Clause protects treaty obligations, and state actions cannot override them.

2. Contradict International Law – The United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP) upholds the rights of Indigenous groups to maintain their lands.

3. Lack Proper Legal Standing – HSBC Bank and state actors cannot claim title over lands they were never lawfully granted.

---

999 (9th Cir. 2018); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (reiterating that a court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted). In Civ. No. 24-00477 HG-KJM, Plaintiffs asked the federal court "for dismissal of the defendants [sic] claims against my father's estate." ECF No. 1 at PageID.20 in Civ. No. 24-00477 HG-KJM, and they attached documents seeking to appoint a special administrator in a state court action, *In re Estate of Albert Kanekekili Kahoopii*, Civ. No. 3CLP-24-0000280 (Haw. Cir. Ct. Sept. 16, 2024) (the "Probate Proceeding"). That federal action was remanded to state court on November 7, 2024, for lack of jurisdiction. *See* ECF No. 4 in Civ. No. 24-00477 HG-KJM.

According to the state court public docket, judgment has now been entered in the Probate Proceeding. *See* Dkt. 39 in Civ. No. 3CLP-24-0000280; *see also* eCourt* Kokua, available at https://www.courts.state.hi.us/legal_references/records/jims_system_availability (entering Case ID or Citation Number "3CLP-24-0000280"). That judgment resulted in appointment of Special Administrator Asia Vanavichai for the Estate of Albert Kanekekili Kahoopii (the "Estate") for purposes of a mortgage foreclosure action concerning property at 53-484 Halaula Maulili Road in Kapaau, Hawaii (the "Property"). *See* Dkt. 41 in Civ. No. 3CLP-24-0000280.

In turn, Special Administrator Vanavichai was substituted as a Defendant for the Estate in a separate action seeking to foreclose on the Property (the "Foreclosure Proceeding"). *See* Dkt. 1 in *HSBC Bank USA, National Association v. Estate of Kahoopii*, Civ. No. 3CCV-24-0000097 (Haw. Cir. Ct. Mar. 15, 2024) (foreclosure complaint brought by HSBC Bank USA); Dkt. 24 in 3CCV-24-0000097 (Dec. 19, 2024) (substituting Vanavichai in place of the Estate). That Foreclosure Proceeding remains pending in state court, with the last document in that case having been filed on March 4, 2025. *See* eCourt* Kokua, available at https://www.courts.state. hi.us/legal_references/records/jims_system_availability (entering Case ID or Citation Number "3CCV-24-0000097").

4

> 4. Are Based on an Invalid Chain of Title – Crown Lands cannot be transferred under adverse possession or state taxation laws, making the claims against this estate legally void.

*Id.* at PageID.647–48.  They argue that:

> The core legal issue in this case is whether the State of Hawaii and financial institutions have jurisdiction over protected Crown Lands.  This land is legally protected under international treaties between the Hawaiian Kingdom and the United States, including:
>
> – Treaty of Friendship, Commerce, and Navigation (December 23, 1826)
>
> – Treaty of Perpetual Peace (December 20, 1849, signed in 1850)
>
> These treaties affirm the continued existence of the Hawaiian Kingdom, its governance, and the inalienable status of its lands. The land in question is Crown Land, which cannot be sold, foreclosed upon, or transferred outside of its rightful lineal heirs.

*Id.* at PageID.647.

Accordingly, Plaintiffs would ask that the court (1) dismiss "all foreclosure and probate claims against the estate of Albert Kanekahekili Kahoʻopiʻi"; (2) recognize "the heirs' legal standing to assert ownership over this Crown Land"; and (3) declare that "financial institutions and state actors lack the authority to assert claims over protected Indigenous lands." *Id.* at PageID.648.

## II.  **DISCUSSION**

As sincere a belief that Plaintiffs might have in the alleged basis for the relief they seek, this federal court would lack jurisdiction to address their claims, or their proposed claims would otherwise fail.

To the extent they wish to challenge the state court judgment in the Probate Proceeding (3CLP-24-0000280), this court would have no jurisdiction under the *Rooker-Feldman* doctrine[4] to overturn decisions made in that state court action.  Under *Rooker-Feldman*, federal district courts are precluded from reviewing state court judgments in "cases [1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments."  *Brown v. Duringer Law Grp. PLC*, 86 F.4th 1251, 1254 (9th Cir. 2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  "State court appeals belong in state court.  Only the United States Supreme Court has federal jurisdiction to hear appeals from the final judgment of a state court."  *Plotkins v. Cnty. of Kauaʻi, Fin. Div. Real Prop. Assessment*, 2024 WL 1885791, at *2 (D. Haw. Apr. 30, 2024) (citing *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)).

---

[4] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

And to the extent they wish to challenge (or enjoin) decisions in the pending Foreclosure Proceeding (3CCV-24-0000097), this court lacks authority under the Anti-Injunction Act, 28 U.S.C. § 2283, to interfere with that ongoing action. Section 2283 "precludes a federal court from granting 'an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress . . .' [and] 'extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments.'" *Schwartz v. Bank of Haw. Corp.*, 2012 WL 3841294, at *6 (D. Haw. Sept. 4, 2012) (quoting *Hicks v. Wells Fargo Bank, N.A.*, 2012 WL 346660, at *2 (D. Haw. Feb.2, 2012) (denying motion for emergency injunctive relief seeking to prevent ejectment action based upon an allegedly void state court foreclosure judgment)). None of the exceptions in § 2283—"expressly authorized by Act of Congress, or where necessary in aid of [the court's] jurisdiction, or to protect or effectuate [the court's] judgments"—applies here. *See, e.g.*, *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 132 (5th Cir. 1990) (concluding, after finding no applicable exception to the Anti-Injunction Act, that "the district court cannot enjoin Schreiner Bank's prosecution of the . . . state foreclosure action"); *Norris-Blake v. Apple Valley E. Condo. Ass'n, Inc.*, 2021 WL 12191883, at *1 (D. Colo. Mar. 30, 2012) (noting "case law confirms that an injunction to stop a state-court foreclosure action . . . specifically is barred by the Anti-Injunction Act") (citing

cases); *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1058–59 (E.D. Cal. 2009) (denying motion for TRO seeking to enjoin state court detainer action, relying on 28 U.S.C. § 2283).

The claims as to the Foreclosure Proceeding would similarly fail under the "prior exclusive jurisdiction" doctrine because a pending state court foreclosure case gives that court priority over a later-filed federal court action. *See, e.g.*, *Pascua v. OneWest Bank*, 2017 WL 424851, at *3–4 (D. Haw. Jan. 31, 2017) (dismissing a federal action seeking to halt a foreclosure in lieu of a pending state court foreclosure action, reasoning that "[t]he [State] Foreclosure Action therefore has priority and, if both pending actions are *in rem* or *quasi in rem*, the prior exclusive jurisdiction doctrine applies"); *Nunn v. JPMorgan Chase Bank, Nat'l Ass'n*, 2019 WL 1207303, at *4 (N.D. Cal. Mar. 14, 2019) (dismissing federal action seeking to halt ongoing state court foreclosure action under the prior exclusive jurisdiction doctrine, which holds that "when one court is exercising *in rem* [or *quasi in rem*] jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*") (quoting *Chapman v. Deutsche Bank Nat. Tr. Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011)); *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641–42 (D. Md. 2015) (same).

Under either of these doctrines, Plaintiffs may raise (or could have raised) whatever defenses or grounds for relief they believe are proper—including

the assertions they wish to make here in federal court—in those state court proceedings, and then (if they lose) appeal to Hawaii's appellate courts if they choose to do so.  Hawaii's appellate courts are generally authorized to rule on alleged federal constitutional questions if issues are properly raised, and thereafter can be generally reviewed in the U.S. Supreme Court.  *See Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477–78 (1981) ("[S]tate courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication.") (citations omitted); 28 U.S.C. § 1257(a) (allowing Supreme Court review of final judgments of a state's highest court of certain types of federal issues).

        In that regard, although Plaintiffs state that Defendants' actions violate the Constitution or international law, they have not pointed to a federal right or existing international law that these Defendants have interfered with.  Even assuming they could assert a due process right interfering with property, nothing indicates that Governor Green or Attorney General Lopez had any involvement with the subject foreclosure, which is apparently being conducted by a private actor (HSBC Bank N.A.).  *See* ECF No. 1-1 at PageID.22 in Civ. No. 24-00477

9

HG-KJM.[5]  An action for deprivation of constitutional rights under 42 U.S.C. § 1983 against a private actor would fail for lack of state action.  *See West v. Atkins*, 487 U.S. 42, 49 (1988) (reiterating elements of a § 1983 claim).  Moreover, a claim against the State of Hawaii or these officials in their official capacities would be barred by the Eleventh Amendment.  *See, e.g.*, *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010).  And a claim for prospective injunctive relief based on a constitutional right seeking to stop the foreclosure would fail for the same reason (lack of involvement of Governor Green or Attorney General Lopez).  *See, e.g.*, *R.W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1223 (9th Cir. 2023) ("An official-capacity suit for injunctive relief is properly brought against persons who 'would be responsible for implementing any injunctive relief.'") (quoting *Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012)).[6]

---

[5] *See also* Dkt. 1 in the state court Foreclosure Proceeding, Civ. No. 3CCV-24-0000097 (Complaint to Foreclose Mortgage).

[6] What's more, Plaintiffs would base their challenge on rights in treaties between "the Hawaiian Kingdom and the United States, including: – Treaty of Friendship, Commerce, and Navigation (December 23, 1826) [and] – Treaty of Perpetual Peace (December 20, 1849, signed in 1850)."  ECF No. 9 at PageID.647.  Under the Newlands Resolution of 1898, however, "[t]he existing treaties of the Hawaiian islands with foreign nations shall forthwith cease and determine, being replaced by such treaties as may exist, or as may be hereafter concluded, between the United States and such foreign nations." *Territory of Hawaii v. Mankuchi*, 190 U.S. 197, 229 (1903); *see also Office of Hawaiian Affairs v. Housing & Comm. Dev. Corp. of Haw.*, 117 Haw. 174, 185, 177 P.3d 884, 895 (2008) ("[T]he Newlands Resolution also specified that treaties existing between Hawaii and foreign nations were to immediately cease and be replaced by

(continued . . .)

### III. CONCLUSION

For the foregoing reasons, it would be futile to allow Plaintiffs to file an amended complaint based on their arguments in their February 18, 2025 letter, ECF No. 9. Thus, along with reasons in the court's prior Order to Show Cause, ECF No. 5, the court DISMISSES this action without prejudice. The Clerk shall close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 13, 2025.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

---

United States treaties with such nations . . . ."), *reversed and remanded on other grounds*, *Hawaii v. Office of Hawaiian Affairs*, 556 U.S. 163 (2009).

    Plaintiffs' challenge, then, would amount to a challenge to the Hawaii Admissions Act and to the legality of the overthrow of the Kingdom of Hawaii. But "[i]t is well settled that this district court does not have jurisdiction to hear claims challenging the legality of the overthrow of the Kingdom of Hawaii because such claims present nonjusticiable political questions." *Shinn v. EWM Enters., LP.*, 2014 WL 2696640, at *2 (D. Haw. June 12, 2014) (citations omitted); *see also, e.g.*, *Sai v. Clinton*, 778 F. Supp. 2d 1, 6–7 (D.D.C. 2011) (dismissing claim based on a challenge to "the United States's recognition of the Republic of Hawaii as a sovereign entity and the United States's exercise of authority over Hawaii following annexation" as barred as a nonjusticiable political question), *aff'd sub nom. Sai v. Obama*, 2011 WL 4917030 (D.C. Cir. Sept. 26, 2011).